IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82544-TJM |
| | ) | |
| LINDA CAROL COPPI, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

      Hearing was held in Omaha, Nebraska, on September 8, 2008, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by the U. S. Trustee (Fil. #23), and a Resistance thereto filed by Debtor (Fil. #28). David G. Hicks appeared for Debtor, and Jerry L. Jensen appeared on behalf of the U.S. Trustee.

      The sole issue in dispute in this case is whether the debts of Debtor "are primarily consumer debts" pursuant to 11 U.S.C. § 707(b)(1). If so, the parties appear to be in agreement that Debtor would need to convert this proceeding to one under Chapter 13 of the Bankruptcy Code.

      The amendments to the Bankruptcy Code made as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 included substantial modifications to § 707(b). Under § 707(b)(1), a court may dismiss a case filed by an individual debtor whose debts are primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of Chapter 7. The amendments included the creation of means testing provisions to determine whether a presumption of abuse should arise for such a debtor. However, those means testing provisions apply only to an individual debtor "whose debts are primarily consumer debts." Debtor asserts that more than one-half of her debt arises from post-foreclosure deficiencies owed to Great Western Bank and IndyMac Bank with respect to an "investment property" Debtor purchased at 815 South 113th Street, Omaha, Nebraska. Thus, Debtor categorizes such indebtedness as non-consumer, thereby relieving her from the means testing provisions of § 707(b).

      For purposes of § 707(b), a debtor's debts are primarily consumer debts if more than one-half of the dollar amount owed is on consumer debts. *In re Lapke*, Case No. BK07-81140 (Bankr. D. Neb. Jan. 23, 2008). It is undisputed that if Debtor's mortgage obligations are consumer debts, then her debts are primarily consumer debts.

      The U.S. Trustee presented copies of documents from Debtor's loan files at Great Western Bank and IndyMac Bank, including loan applications and certifications from Debtor that she occupied or intended to purchase and occupy the property at 815 South 113th Street as her place of residence. The loan file documentation contains at least seven different certifications from Debtor that she intended to occupy the property as her residence. The U.S. Trustee also presented a lease of her prior residence (and perhaps current residence) located at 5012 Ohio Street indicating that the property had been leased to an individual named Robert Bighia for the sum of $1,700.00 per month. That same $1,700.00 per month shows up in Debtor's loan applications as additional income.

Debtor asserts that she entered into the loan and purchase transactions for the 815 South 113th Street property as an investment and in order to help out a third party. However, Debtor fails to explain why the third party's name does not appear on any of the loan documentation. Debtor further asserts that she did not read any of the loan documentation, and simply signed where she was instructed. Debtor now claims that she did not sign the residential lease agreement.

The bulk of the evidence presented by the U.S. Trustee makes it clear that, at least as far as the lenders were concerned, the loans for the 815 South 113th Street property were consumer loans, not business loans. Debtor made numerous representations to her lenders that the debt was consumer debt, and this Court will not now allow her to disregard those representations and reclassify it as business debt solely for the purpose of avoiding the need to repay creditors under a Chapter 13 plan. Accordingly, the U.S. Trustee's motion should be granted.

IT IS, THEREFORE, ORDERED that the U.S. Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) (Fil. #23) is granted. Debtor is given until September 29, 2008, to file a motion to convert this case to a proceeding under Chapter 13 of the United States Bankruptcy Code. If no motion to convert is filed by that date, the case will be dismissed upon the submission of an affidavit by the U.S. Trustee.

DATED: September 10, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  David G. Hicks
  *Jerry L. Jensen/U.S. Trustee
  Richard D. Myers

Movant(*) is responsible for giving notice to other parties if required by rule or statute.